ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of - | ) |
| | ) |
| Gilbane Federal | ) ASBCA Nos. 63674, 63702, 63717 |
| | ) |
| Under Contract No. W912HN-18-C-3009 | ) |

APPEARANCES FOR THE APPELLANT:    Tyler P. Scarbrough, Esq.
Christopher J. Olsen, Esq.
  Henner & Scarbrough LLP
  Atlanta, GA

APPEARANCES FOR THE GOVERNMENT:    Michael P. Goodman, Esq.
  Engineer Chief Trial Attorney
Allie E. Vandivier, Esq.
Orion D. Ray, Esq.
  Engineer Trial Attorneys
  U.S. Army Engineer District, Savannah

OPINION BY ADMINISTRATIVE JUDGE WILSON ON THE GOVERNMENT'S
MOTION TO DISMISS FOR LACK OF JURISDICTION

The Army Corps of Engineers (Corps or government) moves to dismiss
ASBCA No. 63674 for lack of subject matter jurisdiction, alleging Gilbane Federal
(Gilbane or appellant) filed its "deemed denial" appeal prematurely. Gilbane opposes
the motion. For the reasons stated below, the government's motion is denied.
However, because of the subsequent filing of an appeal from the contracting officer's
final decision denying the same claim, ASBCA No. 63674 is dismissed as moot. [1]

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On September 5, 2018, Gilbane was awarded Contract No. W912HN-18-C-
3009 to repair a building on Ft. Gordon, GA (R4, tab 3.03 at 1701-02).

2. The contract incorporated, by reference, the Disputes clause, FAR 52.233-1
(R4, tab 3.03 at 1708). In pertinent part, the clause requires "[f]or . . . claims over

---

[1] This motion only relates to ASBCA Nos. 63674 and 63702. Gilbane subsequently
filed a notice of appeal from the government's final decision to deny
preparation and execution of modification costs under Contract No. W912HN-
20-C-3006, which was docketed as ASBCA No. 63717 and was consolidated
with ASBCA No. 63674. ASBCA No. 63717 is not at issue in this motion.

$100,000, the Contracting Officer must, within 60 days, decide the claim or notify the Contractor of the date by which the decision will be made." FAR 52.233-1(e).

3. On September 14, 2021, appellant submitted a request for equitable adjustment (REA) in the amount of $3,990,387.49 for additional costs and an extension of 282 calendar days (R4, tab 6.01 at 4243). Almost a year later, appellant submitted a revised REA on June 15, 2022, which updated the amount in controversy to $3,641,312.07 and kept the extension request of 282 calendar days (R4, tab 6.02 at 4588). The parties continued to negotiate for the next several months to no avail.

4. On May 25, 2023, appellant submitted a certified claim to the contracting officer requesting $3,649,966.13 in compensation and an extension of 282 calendar days (R4, tab 2.01 at 65).

5. Sixty days after appellant submitted its certified claim, on July 24, 2023, the government issued a letter, indicating that the claim was "currently under review for merit" and the final decision "will be issued January 31, 2024" (R4, tab 2.02 at 1526). No other details were given regarding the reason for the more than six-month delay.

6. On August 2, 2023, appellant filed its notice of appeal with the Board on a deemed denial basis, and the appeal was docketed as ASBCA No. 63674 on August 3, 2023.

7. A week after the appeal was docketed, the government provided appellant with a unilateral modification for $830,758 and 230 calendar days of schedule extension (R4, tab 6.04 at 4841-42).

8. On August 18, 2023, the contracting officer issued a final decision (COFD) on appellant's May 25, 2023 certified claim denying entitlement for the remaining 52 calendar days of schedule extension and $2,810,554.07 in compensation originally requested[2] (R4, tab 1.01 16-22).

9. On August 23, 2023, appellant timely filed a second notice of appeal based on the contracting officer's final decision. The notice of appeal acknowledged the government's partial award under the unilateral modification and noted the remaining dispute was for $2,819,208.13 and a 52-calendar day extension. This appeal was docketed as ASBCA No. 63702.

---

[2] Interestingly enough, despite the government's protestations that the original decision date of January 31, 2024, met the CDA reasonableness standard, the contracting officer was able to "for the sake of expediency" issue her decision earlier than anticipated.

PARTIES' POSITIONS

The government moves for dismissal, alleging the Board does not have jurisdiction over ASBCA No. 63674 because appellant filed the appeal prematurely in advance of a deemed denial or final decision from the contracting officer (gov't mot. at 3-5). Additionally, the government states that even if appellant can show the contracting officer's proposed decision due date was unreasonable, the appeal is moot because ASBCA No. 63702, which arises from the same certified claim and subsequent COFD, is now pending before the Board (gov't reply at 11).

Appellant opposed the motion, stating the Board has jurisdiction over the appeal because it filed the notice of appeal after the contracting officer notified Gilbane that a decision would not be forthcoming for an additional six months, which it deemed unreasonable and not within the timeframe required by the Contract Disputes Act (CDA) (app. opp'n at 7-12). Further, in response to the allegations the appeal is moot, appellant offered to dismiss the appeal without prejudice, stating that doing so with prejudice "could operate as an adjudication on the merits of [the] [c]ertified [c]laim . . ." (*id.* at 13).

DECISION

*Jurisdiction over ASBCA No. 63674*

Under the CDA, within 60 days from receipt of a claim exceeding $100,000, the contracting officer must issue a final decision or "notify the contractor of the time within which a decision will be issued." 41 U.S.C. § 7103(f)(2). Decisions must be issued within a "reasonable time" of receipt, "taking into account such factors as the size and complexity of the claim and the adequacy of information in support of the claim provided by the contractor." 41 U.S.C. § 7103(f)(3). If the contracting officer fails to issue a decision within the time permitted by law, the claim may be deemed to have been denied, and the contractor may pursue an appeal, notwithstanding the absence of a final decision. 41 U.S.C. § 7103(f)(5); FAR 33.211(g). Additionally, if a COFD is issued, "[a] contractor, within 90 days from the date of receipt of a contracting officer's decision . . . may appeal the decision to an agency board . . . ." 41 U.S.C. § 7104(a).

The parties' arguments focus on whether the contracting officer had appropriate cause to extend the deadline for providing the COFD (size and complexity of the claim, number of total pages of documents submitted, etc.). Even so, 15 days after ASBCA No. 63674 was docketed, the government provided the COFD, which appellant timely appealed (SOF ¶ 9). Based on the facts presented here, without opining in the abstract whether six months is a reasonable time to wait for a COFD, we conclude that we have jurisdiction over ASBCA No. 63674.

3

The record here shows that this dispute arose as far back as September of 2021 with the filing of the initial REA, subsequently revised in June of 2022 (SOF ¶ 3). By the date of the May 25, 2023 claim submittal, the government was aware of the issues involved (including the amount at issue as well as schedule extension days); and 60 days later the contracting officer informed appellant, with no further explanation, that a decision would be issued six months later (SOF ¶ 5). Thus, we are unpersuaded, based on these facts, that the contracting officer reasonably needed an additional six months to issue a final decision. The fact that the contracting officer was able to issue a decision by August 2023 (SOF ¶ 8) bolsters this conclusion. Accordingly, the government's motion to dismiss for lack of jurisdiction must fail.

### ASBCA No. 63674 is Moot

The Board reviews a claim *de novo* and is not bound by the contracting officer's determinations. *Harry Pepper and Assoc., Inc.*, ASBCA No. 62038 *et al.*, 21-1 BCA ¶ 37,961 at 184,351 (citing *Wilner v. United States*, 24 F.3d 1397, 1401 (Fed. Cir. 1994) (*en banc*)). If the appeal is upheld, "[i]nterest on an amount found due a contractor on a claim shall be paid to the contractor for the period beginning with the date the contracting officer receives the contractor's claim," not the day the appeal was docketed or the COFD was issued. 41 U.S.C. § 7109(a)(1).

Because the Board's review of the claim is *de novo* and both ASBCA Nos. 63674 and 63702 arise from the same May 25, 2023 claim (SOF ¶ 4), the accrual of interest is not at issue. ASBCA No. 63674 is now moot, given the fact that the COFD on the subject claim was issued nearly two weeks after Gilbane's first notice of appeal, and was subsequently timely appealed to the Board and docketed as ASBCA No. 63702 (SOF ¶¶ 8-9). Accordingly, we need not address the other issues raised by the parties in their briefs.

4

## CONCLUSION

The government's motion to dismiss for lack of jurisdiction is denied. ASBCA No. 63674 is dismissed as moot. The dismissal does not operate as an adjudication on the merits of the claim. Appellant may file an amended complaint in ASBCA No. 63702, as outlined in its opposition to the government's motion, within 30 days of receipt of this decision. ASBCA Nos. 63702 and 63717 remain consolidated.

Dated: March 4. 2024

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MICHAEL N. O'CONNELL
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

THOMAS P. MCLISH
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 63674, 63702, 63717, Appeals of Gilbane Federal, rendered in conformance with the Board's Charter.

Dated: March 4, 2024

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals